IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CV-329-FL

| | |
|---|---|
| MICHAEL REGANS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM &** |
| ) | **RECOMMENDATION** |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social ) | |
| Security, ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court upon the parties' Motions for Judgment on the Pleadings. (DE's-18 & 20). No responses or replies have been filed, and the time for doing so has expired. Accordingly, the matter is now ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), this matter has been referred to the undersigned for the entry of a Memorandum and Recommendation. For the following reasons, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-18) be GRANTED, and that Defendant's Motion for Judgment on the Pleadings (DE-20) be DENIED. Specifically, it is RECOMMENDED that Defendant's final decision be vacated and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

**Statement of the Case**

Plaintiff applied for supplemental security income and disability insurance benefits on February 10, 2009, alleging disability beginning May 19, 2008. (Tr. 10). His claim was denied initially and upon reconsideration. *Id.* A hearing was held before an Administrative Law Judge ("ALJ") who determined that Plaintiff was not disabled in a decision dated November 22, 2010.

*Id*. at 10-18. The Social Security Administration's Office of Hearings and Appeals denied Plaintiff's request for review on April 11, 2012, rendering the ALJ's determination as Defendant's final decision. *Id.* at 1-5. Plaintiff filed the instant action on June 8, 2012. (DE-1).

**Standard of Review**

This Court is authorized to review Defendant's denial of benefits under 42 U.S.C. § 405(g), which provides in pertinent part:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...

42 U.S.C. § 405(g).

"Under the Social Security Act, [the Court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is ... such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). "In reviewing for substantial evidence, . . . [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute . . . [its] judgment for that of the Secretary." Craig, 76 F.3d at 589. Thus, this Court's review is limited to determining whether Defendant's finding that Plaintiff was not disabled is "supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

However, before a court can determine whether a decision is supported by substantial

evidence, it must ascertain whether Defendant has considered all relevant evidence and sufficiently explained the weight given to probative evidence. *See*, Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439-440 (4th Cir. 1997). "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983). Without an analysis of all evidence and a sufficient explanation of the weight given to obviously probative exhibits, it is not possible to determine if the ALJ's decision is supported by substantial evidence. Arnold v. Secretary of Health, Ed. and Welfare, 567 F.2d 258, 259 (4th Cir. 1977). Remand is appropriate where an ALJ fails to discuss relevant evidence that weighs against his decision. Ivey v. Barnhart, 393 F. Supp. 2d 387, 390 (E.D.N.C. September 29, 2005)(*Citing*, Murphy v. Bowen, 810 F.2d 433, 438 (4th Cir. 1987)).

**Analysis**

The Social Security Administration has promulgated the following regulations which establish a sequential evaluation process that must be followed to determine whether a claimant is entitled to disability benefits:

> The five step analysis begins with the question of whether the claimant engaged in substantial gainful employment. 20 C.F.R. ' 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. ' 404.1520(c). If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. ' 404.1520(d); 20 C.F.R. Part 404, subpart P, App.I. If so the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. ' 404.1520(e); 20 C.F.R. ' 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work. 20 C.F.R. ' 404.1520(f).
>
> Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001).

In the instant action, the ALJ employed the sequential evaluation. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 19, 2008. (Tr. 12). At step two, the ALJ found that Plaintiff had two severe impairments: 1) schizophrenia, paranoid type; and 2) substance abuse. *Id.* However, the ALJ determined that these impairments were not severe enough to meet or medically equal one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. *Id.* Next, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform the full range of work at all exertional levels with some nonexertional limitations. *Id.* at 13. Specifically, the ALJ found that Plaintiff:

> has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: He should avoid all concentrated exposure to hazards. He can concentrate for simple tasks for a period of two hours. He should have limited contact with the public and he can adapt to routine work changes.
>
> *Id.*

The ALJ then determined that Plaintiff had no past relevant work. *Id.* at 17. However, based on the testimony of a vocational expert ("VE"), the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. *Id.* at 17-18. Based on these findings, the ALJ determined that Plaintiff had not been under a disability from May 19, 2008 through November 22, 2010. *Id.* at 18. The undersigned recommends remand for the following reasons.

**The ALJ improperly weighed the opinion of Dr. Sandra Blakney**

Dr. Sandra Blakney was Plaintiff's treating psychiatrist. On February 26, 2009, Dr. Blakney examined Plaintiff and diagnosed him with, *inter alia*, "[s]chizophrenia, paranoid type versus psychotic disorder NOS." *Id.* at 193.

On September 3, 2009, Dr. Blakney rated Plaintiff's GAF as 45 with a low score of 35 in the past year. *Id*. at 261. Dr. Blakney stated that Plaintiff's "psychotic symptoms return during periods of noncompliance with [his] medication." *Id*. at 265. According to Dr. Blakney, Plaintiff's "symptoms are medically documented by psychiatrists as ongoing for the past ten years." *Id*. at 266. Dr. Blakney noted that Plaintiff was markedly limited in a number of his work related abilities. *Id*. at 269-271. Finally, Dr. Blakney opined that Plaintiff was unable to maintain gainful employment. *Id*. at 266.

Dr. Blakney stated on September 30, 2010 that "it was impossible . . . to separate [Plaintiff's] use of drugs and/or alcohol from [his] disability." *Id*. at 274.

Again on October 7, 2010, Dr. Blakney opined that Plaintiff:

> is disabled to work based on the following: medically documented intermittent auditory hallucinations, delusions and disorganized behavior and persistence of flat affect, poverty of content of speech, emotional withdrawal and his inability to live on his own. This has resulted in marked restrictions in daily activities, marked difficulties in maintaining social functioning and repeated episodes of deterioration and decompensation.
>
> If [Plaintiff] is awarded benefits, he will need to have a payee appointed.
>
> *Id*. at 277.

In general, Dr. Blakney repeated her diagnosis of schizophrenia throughout her treatment of Plaintiff. *Id*. at 232, 261, 275. Treatment and medication generally improved Plaintiff's condition, although Dr. Blakney consistently indicated that Plaintiff was non-compliant with his treatment and medication. *Id*. at 231, 265, 266, 276. Notably, however, on October 7, 2010, Dr. Blakney opined that Plaintiff's "lack of compliance is a function of his lack of insight and lack of motivation which are all related to his mental illness." *Id*. at 276.

With regard to Dr. Blakney's opinions, the ALJ made the following findings:

> Little weight was placed in Dr. Blakney's assessment dated September 3, 2009 (Ex. 9F). It is inconsistent with the evidence of record as a whole . . .
>
> The undersigned recognizes that Dr. Blakney believes that his non-compliance is a result of a lack of insight and motivation, both of which are, according to her, related to his mental illness. This contention, however, fails to consider that the claimant has no problem motivating himself to go out and mingle with friends during the daytime; to formulate and maintain a MySpace page: to go shopping; to play video games; to watch television; to cut the grass; to wash cars; to clean his room; and to have feverishly looked for a job in February 2009. There is no substantial evidence in the record to support a finding that any medication side effects prevent the claimant from performing work activity . . .
>
> . . . Little weight was afforded to Dr. Blakney's findings and conclusions . . . [because] they are inconsistent with the objective medical evidence of record and the activities of daily living evidence.
>
> *Id*. at 13, 16.

An ALJ must generally give more weight to the opinion of a treating physician because that doctor is often most able to provide "a detailed, longitudinal picture" of a claimant's alleged disability. 20 C.F.R. § 404.1527(d)(2). However, "[c]ircuit precedent does not require that a treating physician's testimony 'be given controlling weight.'" Craig, 76 F.3d at 590 (*quoting* Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)). In fact, "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Id. See also*, Mastro, 270 F.3d at 178 (explaining "the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence") (citation omitted); Wireman v. Barnhart, 2006 WL 2565245, * 8 (W.D.Va. Sept. 5, 2006) (stating an ALJ "may, under the regulations, assign no or little weight to a medical opinion, even one from a treating source . . . if he sufficiently explains his rationale and if the record supports his findings"); 20 C.F.R. § 404.1527(d)(3).

When the ALJ does not give the opinion of a treating physician controlling weight, the

ALJ must weigh the opinion pursuant to the following non-exclusive list: 1) the length of the treatment relationship and the frequency of examination; 2) the nature and extent of the treatment relationship between the physician and the claimant; 3) the supportability of the physician's opinion; 4) the consistency of the opinion with the record; and 5) whether the physician is a specialist. 20 C.F.R. § 404.1527. *See also*, Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005). The ALJ is not required to explicitly discuss each of these factors in his decision. Warren v. Astrue, 2009 WL 1392898, at *3 (E.D.N.C. May 18, 2009). Nonetheless, the ALJ's decision "must contain specific reasons for the weight given to the treating source's medical opinion, supported by substantial evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." S.S.R. 96–2p, 1996 WL 374188, at *5. *See also*, Farrior v. Astrue, 2011 WL 3157173, * 4 (E.D.N.C. June 1, 2011), *Report and Recommendation Adopted by*, Farrior v. Astrue, 2011 WL 3157150 (E.D.N.C. July 26, 2011).

Here, the ALJ referred to Dr. Blakney's October 7, 2010 opinion, but did not give it specific weight or discuss the reasons for the weight it was given. *Id*. at 15-16. In referencing the October 7, 2010 findings, the ALJ did not specifically analyze Dr. Blakney's determination that Plaintiff was still unable to work. *Id*. at 16. Rather, the ALJ focused primarily on Dr. Blakney's opinion that Plaintiff's non-compliance was caused by his impairment. *Id*. The ALJ did specifically discuss Dr. Blakney's September 3, 2009 and gave it "little weight." *Id*. at 13. Likewise, the ALJ also later notes, in a general manner, that "little weight was afforded Dr. Blakney's findings and conclusions." *Id.* at 16. In doing so, the ALJ opined that these findings and conclusions were inconsistent with the medical record.

Specifically, in reaching this finding, the ALJ highlights several occasions on which

Plaintiff's symptoms appeared to be improved. *Id*. at 14-16. However, these occasions do not contradict Dr. Blakney's findings, because her notes agree that Plaintiff's symptoms improved when he complied with treatment. *Id*. at 266, 276. The ALJ also notes that he placed "great weight in the State Agency psychological assessments on file." *Id*. at 16. These opinions generally conclude that Plaintiff's primary problem is substance abuse. *Id*. at 213, 240. They also concede that Plaintiff's claims are partially credible and that Plaintiff's impairments could reasonably cause some mental limitations. *Id*. These opinions do not squarely address Dr. Blakney's findings that: 1) it was impossible to separate Plaintiff's substance abuse from his other mental impairments; and 2) Plaintiff's non-compliance was caused by his mental impairments. Finally, the ALJ gave little weight to Dr. Blakney's determination that Plaintiff's non-compliance was caused by his mental impairments because Plaintiff, *inter alia*: 1) mingles socially, 2) maintains a MySpace page; 3) shops; 4) plays video games; 5) watches television; and 6) performs other household chores. That Plaintiff is occasionally able to perform these activities does not address Dr. Blakney's opinion that Plaintiff is incapable of consistent compliance. *Cf*., Pate-Fires v. Astrue, 564 F.3d 935, 945-946 (8th Cir. 2009) ("the ALJ's conclusion . . . [that Plaintiff's] medical noncompliance was not justifiable and precludes a finding of disability is not supported by substantial evidence . . . . [and] the ALJ's determination . . . [that Plaintiff's] medical noncompliance is attributable solely to free will is tantamount to the ALJ 'playing doctor,' a practice forbidden by law").

In short, the undersigned finds that the ALJ did not discuss Dr. Blakney's October 7, 2010 opinions with enough specificity. Furthermore, to the extent the ALJ analyzed Dr. Blakney's opinions as a whole, he did not cite substantial evidence for affording them little weight.

8

**The ALJ's hypothetical question to the VE was inconsistent with his RFC findings**

In order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record. Burton v. Astrue, 2010 WL 4117262, * 3 (D. Md. October 20, 2010)(citation omitted). Furthermore, the VE's opinion must be in response to proper hypothetical questions which fairly set out all of claimant's impairments. Id. (citation omitted). An ALJ has "great latitude in posing hypothetical questions [to a VE] and is free to accept or reject suggested restrictions so long as there is substantial evidence to support the ultimate question." Koonce v. Apfel, 1999 WL 7864, * 5 (4th Jan. 11, 1999)(unpublished opinion). The ALJ is required only to "pose those [hypothetical questions] that are based on substantial evidence and accurately reflect the plaintiff's limitations . . ." France v. Apfel, 87 F. Supp. 2d 484, 490 (D. Md. March 13, 2000).

First, in light of the undersigned's finding with regard to Dr. Blakney's opinions, it is now unclear whether the ALJ's RFC determination is supported by substantial evidence.

Moreover, the ALJ's hypothetical does not match his RFC findings. Specifically, in assessing Plaintiff's RFC, the ALJ found that Plaintiff had moderate difficulties in concentration, persistence or pace. Id. at 13. These limitations are not specifically mentioned in the hypothetical presented to the VE. Id. at 46-50. Therefore, the undersigned recommends remand because the hypothetical posed to the VE did not include all of the limitations found by the ALJ. Teeter v. Astrue, 2012 WL 5405531, * 2 (W.D.N.C. Nov. 6, 2012)(remanding case when "the hypothetical posed to the VE did not include all of the limitations as found by the ALJ"); Finlay v. Astrue, 2012 WL 5267084 , * 3 (D.Md. October 19, 2012)("this Court cannot determine on the current record whether the hypothetical and the RFC are in fact inconsistent"); Elliot v. Astrue, 2011 WL 2506335, * 4 (W.D.N.C. June 22, 2011)(" Testimony resulting from

inconsistent questioning does not provide substantial evidence to support findings on the vocational issues").

**Conclusion**

For the reasons discussed above, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-18) be GRANTED, and that Defendant's Motion for Judgment on the Pleadings (DE-20) be DENIED. Specifically, it is RECOMMENDED that Defendant's final decision be vacated and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with the foregoing directives.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Thursday, March 28, 2013.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE